IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MARCUS BROOKS,             *

    Petitioner,        *

    v.                 *   CIVIL NO.:    WDQ-12-0712
                           *   CRIMINAL NO.: WDQ-09-0288
UNITED STATES OF AMERICA,  *

    Respondent.        *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Marcus Brooks pled guilty to racketeering conspiracy and was sentenced to 192 months imprisonment. Pending is Brooks's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be denied.

I.   Background[1]

Brooks was leader in the Pasadena Denver Lanes ("PDL"), a set of the Bloods gang. ECF No. 862 at 4. The PDL engaged in narcotics trafficking and other acts of racketeering. *Id*. The distribution of between 500 grams and 1.5 kilograms of crack cocaine and three kilograms of heroin was foreseeable to Brooks.

On May 26, 2009, the grand jury indicted Brooks for (1) conspiracy to participate in a racketeering enterprise in

---

[1] The facts are drawn from Brooks's plea agreement.

violation of 18 U.S.C. § 1962(d),[2] and (2) conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. ECF No. 1. On October 18, 2010, Brooks pled guilty to conspiracy to participate in a racketeering enterprise. See ECF No. 862. Brooks admitted his involvement in the conspiracy, and the racketeering activity included narcotics trafficking. Id. at 4. On February 10, 2011, Brooks was sentenced to 192 months imprisonment. ECF No. 978. He did not appeal.

On January 27, 2012,[3] Brooks moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On May 13, 2012, the government opposed the motion. ECF No. 1129. Brooks did not reply.

II. Analysis

    A.   Constitutionality of Conviction

Brooks presents a single argument for his motion: that 21 U.S.C. §§ 841 and 846, the underlying offenses for his racketeering conviction, are unconstitutional under the Ninth and Tenth Amendments. ECF No. 1096. The government asserts that the statutes are constitutional. ECF No. 1129.

---

[2] The alleged predicate offenses applicable to Brooks and his numerous codefendants were murder, robbery, and narcotics trafficking.

[3] This is the date Brooks signed his motion. See ECF No. 1095 at 3.

Despite Brooks's assertions, the Supreme Court and the Fourth Circuit have repeatedly held that 21 U.S.C. §§ 841 and 846 are valid exercises of Congress's enumerated powers. *See, e.g.*, *Gonzalez v. Raich*, 545 U.S. 1, 25-26 (2005); *see also United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995). Accordingly, Brooks's motion will be denied.

B. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Brooks has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Brooks's motion to vacate, set aside, or correct sentence will be denied.

\_\_4/9/13_____     _____/s/_____
Date                             William D. Quarles, Jr.
                                 United States District Judge